IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CAROL A. HOWARD,

Plaintiff,

v.                                                                          No. 16-1250-DRH

GATEWAY REGIONAL MEDICAL CENTER,
MANDI HANDFELDER, and
JOSHUA LEE CANN,

Defendants.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Introduction and Background

Pending before the Court is defendants Handfelder and Gateway Regional Medical Center's motion to dismiss Counts I and II of plaintiff's complaint (Docs. 11 & 12). Defendants argue that Count I against Handfelder must be dismissed as individual supervisors cannot be liable for discrimination under the Americans with Disabilities Act or alternatively, that the claims contained in Count I against Handfelder must be dismissed as Howard did not exhaust her administrative remedies. Defendants also argue that the Count II should be dismissed as Howard's claims for intentional emotional distress are preempted by the Illinois Humans Right Act ("IHRA"). Howard filed a response to the motion conceding that Handfelder should not be named as a defendant in Count I and opposing the arguments regarding preemption in Count II. Based on the following, the Court

grants in part and denies in part the motion to dismiss.

On November 15, 2016, Carol A. Howard, a licensed practical nurse, filed suit against her former employer, Gateway Regional Medical Center ("Gateway"), her former supervisor, Mandi Handfelder, and Joshua Lee Cann (Doc. 1). Howard's complaint contains three counts: Count I, for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., against Handfelder and Gateway, Count II, for intentional infliction of emotional distress under Illinois common law against Handfelder and Gateway, and Count III, for intentional emotional distress under Illinois common law against Cann.[1] Howard alleges that Handfelder and Gateway refused to accommodate her disability, breast cancer, by scheduling mandatory staff meetings when Howard had scheduled medical appointments, that Handfelder threatened Howard with possible disciplinary actions for failure to attend the staff meetings, that Handfelder refused to allow Howard to wear a cap to work when Howard was losing her hair, and that Howard underwent a radical mastectomy because she was fearful of taking time off for additional chemotherapy for fear of her employment. Howard also claims that Handfelder intentionally disclosed her medical information/diagnosis and her requests for reasonable accommodations to Joshua Cann, Handfelder's boyfriend. Lastly, Howard claims that Cann, while at a Christmas party, told Howard "in a stern voice that she needed to stop playing the 'cancer card.'" (Doc. 1, p. 5).

On December 22, 2016, defendants Handfelder and Gateway filed the

---

1 As of this date, the record reflects that Cann has not answered or otherwise appeared in this case.

motion to dismiss (Doc. 11). Howard filed her opposition on January 25, 2017 (Doc. 17). As the motion to dismiss is ripe, the Court turns to address the merits of the motion.

## Motion to Dismiss Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed.R.Civ.P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## Analysis

**Count I – ADA claim against Handfelder**

As stated *supra*, defendants argue that Count I against Handfelder must be dismissed as individual supervisors cannot be liable for discrimination under the

ADA, or alternatively, that the claims contained in Count I against Handfelder must be dismissed as Howard did not exhaust her administrative remedies. In response, Howard "agrees that Mandi Handfelder should not be a named defendant in Count I of Plaintiff's complaint and moves the dismissal of Mandi Handfelder in Count I of said complaint." (Doc. 17). The Court grants that portion of defendants' motion to dismiss and dismisses with prejudice Handfelder as a defendant in Count I of Howard's complaint.

**Count II – Intentional Infliction of Emotional Distress**

Defendants contends Howard's state law claim for intentional infliction of emotional distress in Count II is preempted by the IHRA, 775 ILCS §§ 5/8-111(C), 5/2-102(D), and as a result, this Court should dismiss the claim. The Seventh Circuit has delineated a test for determining when state law tort claims, such Howard's claim of intentional infliction of emotional distress, are preempted by the IHRA:

> Whether a state-law tort claim is preempted depends on whether the IHRA furnishes the legal duty that the defendant was alleged to have breached. If the plaintiff's allegations against the defendant implicate *only* a duty provided by the IHRA, such as the duty of employers to refrain from discriminating against employees on the basis of their race or national origin, then the plaintiff's claim is preempted. *Bannon et al. v. University of Chicago,* 503 F.3d 623, 630 (7th Cir. 2007) (emphasis added)(citations and quotations omitted).

In considering whether an IIED claim was preempted by an IHRA sexual harassment suit, the Seventh Circuit explained that the proper inquiry is whether a plaintiff can prove the elements of her state law claim "independent of legal duties

furnished by the IHRA," *not* whether the *facts* that support the tort claim "could also have supported a discrimination claim." *Naeem v. McKesson Drug Company,* 444 F.3d 593, 604 (7th Cir. 2006). "[I]f the conduct would be actionable even aside from its character as a civil rights violation because the IHRA did not furnish the legal duty that the defendant was alleged to have breached, the IHRA does not preempt a state law claim seeking recovery for it." *Id., quoting Krocka v. City of Chicago,* 203 F.3d 507, 516-17 (7th Cir. 2000); *see Maksimovic v. Tsogalis,* 687 N.E.2d 21, 23 (Ill. 1997) (holding that the plaintiff stated independent state law tort claims for assault, battery and false imprisonment that were not inextricably linked to her claim of sexual harassment).

To state a claim for IIED, Howard must show that: "(1) the defendant's conduct was extreme and outrageous; (2) the defendant intended to inflict severe emotional distress or knew that there was at least a high probability that his conduct would inflict severe emotional distress; and (3) the defendant's conduct did cause severe emotional distress." *Naeem*, 444 F.3d at 605. Illinois courts have required a "heightened level of egregiousness" and conduct that has been "outrageous" and "extreme" to maintain an IIED claim.

The Court finds that at this stage in the litigation, Howard has set forth the elements of an IIED claim and that the conduct alleged would be a tort even aside from its character as a civil rights violation. Thus, the Court finds that Count II is not preempted and denies the portion of the motion as to this argument.

## Conclusion

Accordingly, the Court **GRANTS in part** and **DENIES in part** defendants' motion to dismiss Counts I and II of plaintiff's complaint (Doc. 11). The Court **GRANTS** the motion as to Count I and **DISMISSES with prejudice** Handfelder as a named defendant in Count I. The Court **DENIES** the motion as to Count II.

**IT IS SO ORDERED.**

Signed this 31st day of January, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.01.31 11:54:01 -06'00'

**United States District Judge**